UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

   -against-                                     1:12-CV-0164 (LEK/CFH)

SUSAN J. ALLEN,

                Defendant.

_____

## DECISION and ORDER

**I.    INTRODUCTION**

On January 21, 2012, Plaintiff commenced this action alleging that Defendant Susan J. Allen ("Defendant") defaulted on a promissory note. Dkt. No. 1 ("Complaint"). Currently before the Court is Plaintiff's unopposed Motion for summary judgment. Dkt. No. 7 ("Motion"). For the following reasons, the Motion is denied.

**II.    BACKGROUND**

Defendant is a resident of Salem, New York. Compl. ¶ 2. The Complaint alleges that Defendant executed a promissory note to secure loans from the U.S. Department of Education ("DOE") and that she has failed to repay the loans in full. See generally Compl. Along with the Complaint, Plaintiff submitted a Certificate of Indebtedness ("COI") issued by the DOE that states that as of July 27, 2011: (1) the principal after application of all prior payments, credits, and offsets is $4,278.00; (2) the capitalized interest balance and accrued interest is $2,888.40; and (3) the total amount owed by Defendant to Plaintiff (the sum of the two prior dollar amounts) is $7,166.40. Dkt. No. 1-1. On February 23, 2012, Defendant filed an Answer to the Complaint *pro se*. Dkt. No. 4 ("Answer"). In her Answer, Defendant asserts extreme financial hardship and claims that she has

not refused payment on these "ill-gotten student loans," but, rather, the payments that she was able to make were refused as "not enough." Answer.

Plaintiff filed its Motion for summary judgment on June 28, 2012. Dkt. No. 7 ("Motion"). Accompanying the Motion was a copy of the notice required under Local Rule 56.2 informing Defendant of the potential consequences of her failure to respond and an affidavit attesting to service of this notice on Defendant. See Mot. To date, although more than six months have passed since Plaintiff served the Local Rule 56.2 notice, Defendant has not opposed the Motion nor has she filed a statement of material facts as required by Local Rule 7.1(a)(3).

### III. LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure instructs a court to grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Although "[f]actual disputes that are irrelevant or unnecessary" will not preclude summary judgment, "summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Taggart v. Time, Inc., 924 F.2d 43, 46 (2d Cir. 1991).

The party seeking summary judgment bears the burden of informing a court of the basis for the motion and of identifying those portions of the record that the moving party claims will demonstrate the absence of a genuine issue of a material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). However, if the moving party has shown that there is no genuine dispute as to any material fact, the burden shifts to the non-moving party to demonstrate "the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. This

requires the non-moving party to do "more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Corp., 475 U.S. 574, 586 (1986).

At the same time, a court must resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); Nora Beverages, Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 742 (2d Cir. 1998). A court's duty in reviewing a motion for summary judgment is "carefully limited" to finding genuine disputes of fact, "not to deciding them." Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1224 (2d Cir. 1994).

Judgment may also be entered against a party that fails to respond to a properly filed motion for summary judgment, if appropriate. FED. R. CIV. P. 56(e)(3). Failure to oppose or respond to a motion for summary judgment standing alone, however, does not warrant granting the motion; rather, "the district court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law." Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244, 246 (2d Cir. 2004) ("[F]ailure to respond to [a Rule 56] motion does not alone discharge the burdens imposed on a moving party."); Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001). If the moving party fails to submit evidence sufficient to meet its burden, "summary judgment must be denied even if no opposing evidentiary matter is presented." Amaker, 274 F.3d at 681. Consequently, the Second Circuit has emphasized that district courts "'in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.'" Vt. Teddy Bear, 373 F.3d at 246 (quoting Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993)).

**IV.    DISCUSSION**

In student loan cases, summary judgment is appropriate if the evidence shows that the defendant "signed promissory notes, received loans pursuant to these notes, and defaulted on [her] payment obligations." United States v. Mullaney, No. 3:09–CV–1748, 2010 WL 4681251, at *1 (D. Conn. Nov. 5, 2010); see also United States v. Clerge, No. 11-CV-689, 2012 WL 6043297, at *3 (E.D.N.Y. Dec. 5, 2012) ("In an action on a promissory note, summary judgment is appropriate if there is 'no material question concerning execution and default' of the note." (quoting Merrill Lynch Commercial Fin. Corp. v. All State Envelopes Ltd., No. 09-CV-0785, 2010 WL 1174451, at *2 (E.D.N.Y. Mar. 24, 2010))).  The requisite showing has not been made here.

Courts in this Circuit have consistently held that a signed promissory note and a COI are sufficient to grant an unopposed motion for summary judgment in cases where defendants allegedly defaulted on their student loan debt. See, e.g., Clerge, 2012 WL 6043297, at *3 ("[T]he Court finds that on an unopposed motion for summary judgment, a promissory note and [COI] from the [DOE] constitute sufficient evidence of default on a student loan." (citations omitted)); United States v. Kadoch, 2012 WL 6772006, at *4 (E.D.N.Y. Sept. 17, 2012); United States v. Whitaker, No. 09 CV 2983, 2011 WL 5856482, at *2-3 (E.D.N.Y. Nov. 21, 2011); United States v. Brow, No. 01-CV-4797, 2011 WL 2845300, *3 (E.D.N.Y. July 13, 2011); United States v. Terry, No. 08-CV-3785, 2009 WL 4891799 (E.D.N.Y. Dec. 11, 2009).  Here, in support of its Motion for summary judgment, Plaintiff submitted a COI and an Affidavit by DOE loan analyst Alberto Francisco that are practically identical in content. See Mot. at 3-4 ("Francisco Affidavit"), 13.  Plaintiff failed, however, to provide a copy of the signed promissory note on which it seeks recovery. See Mot. The Court finds that the evidence before it is insufficient to meet Plaintiff's burden on its Motion.

With only a COI and the Francisco Affidavit on the record, there remains a "material question concerning execution" of the loan that precludes the Court from granting summary judgment for Plaintiff.[1] See Clerge, 2012 WL 6043297, at *3.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 7) for summary judgment is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED**.

DATED: February 19, 2013
Albany, New York

Lawrence E. Kahn
U.S. District Judge

---

[1] The cases cited by Plaintiff in its Memorandum of law are inapplicable to this case because, *inter alia*: (1) plaintiffs in each sought entry of default judgment not summary judgment; and (2) plaintiffs in each submitted the relevant promissory notes. See Mot. at 8, ¶ 10 (citing United States v. Benain, No. 11 CV 2307, 2011 WL 5838488, at *1 (E.D.N.Y. Nov. 18, 2011); United States v. Gellerstein, No. 08-CV-2702, 2011 WL 1004888, at *1 (E.D.N.Y. Mar. 17, 2011); United States v. Tobee, No. 10-CV-0731, 2010 WL 1853767, at *1 (E.D.N.Y. May 4, 2010)).